# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Atlas International Trading Corporation | )   ASBCA No. 59091 |
| | ) |
| Under Contract No. FA8240-10-M-U025 | ) |

APPEARANCES FOR THE APPELLANT:     Terry L. Elling, Esq.
                                   Megan M. Mocho Jeschke, Esq.
                                   Elizabeth N. Jochum. Esq.
                                     Holland & Knight LLP
                                     McLean, VA

APPEARANCES FOR THE GOVERNMENT:    Lt Col James H. Kennedy III, USAF
                                     Air Force Chief Trial Attorney
                                   Erika L. Whelan Retta, Esq.
                                   Capt Amy K. Siak, USAF
                                   Capt Eric J. Singley, USAF
                                     Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government moves for summary judgment, contending that appellant's bribery of the government's program manager makes the contract at issue in this appeal void *ab initio*. The Board grants the motion and denies the appeal.[1]

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 20 January 2010, the Department of the Air Force (government) and Atlas International Trading Corporation (appellant) entered into Contract No. FA8240-10-M-U025, for the provision of a "19Zh6 Zip Kit" (compl., ex. A at 1, 3 of 12).

2. From 2008 through about August 2011, Sylvester Zugrav, appellant's owner and director, paid Jose L. Mendez, a government program manager, more than $185,000, in exchange for favorable procurement treatment (gov't mot., attach. 1 at 3-4, ¶ 11, attach. 2 at 4-5, ¶ 11). As part of that arrangement, in 2009, Mr. Zugrav offered to pay Mr. Mendez

---

[1] This appeal has been consolidated with ASBCA Nos. 59090 and 59092 through 59111, which address other contracts, but only this appeal, ASBCA No. 59091, is the subject of the government's motion. Although the government styles the motion as one for partial summary judgment, the motion seeks denial of ASBCA No. 59091 in its entirety.

$80,000 if appellant received a contract for a Zip Kit, and Mr. Mendez provided appellant the information (not provided to other potential vendors) that (1) the government needed a 19Zh6 Zip Kit, and (2) the government's budget for that item was $500,000 (gov't mot., attach. 1 at 5, ¶ (b), at 9, ¶ (f), attach. 2 at 6, ¶ (b), at 10, ¶ (e); app. reply at 12, ¶ 1). Appellant subsequently submitted to the government an "unsolicited proposal" that a contracting officer (CO) (who was not Mr. Mendez) accepted, awarding the contract to appellant for $553,000, the amount that appellant had proposed (compl., ¶ 20, ex. A; app. reply at 12, ¶ 2). Subsequently, Mr. Mendez (on 24 October 2011) and Mr. Zugrav (on 26 February 2013) pleaded guilty to violating 18 U.S.C. § 371, Conspiracy to Commit Bribery, including for activities relating to the 19Zh6 Zip Kit procurement (gov't mot., attach. 1 at 1, 9-10, attach. 2 at 1, 10-11). Mr. Mendez also pleaded guilty to violating 18 U.S.C. § 201(b)(2), Bribery; and 18 U.S.C. § 423, Procurement Fraud, including for activities relating to the 19Zh6 Zip Kit procurement (gov't mot., attach. 2 at 1-2, 10-11). Thus, appellant obtained the contract by bribing a government program manager; but for that bribery, appellant would not have obtained the contract.

3. On 27 June 2013, the government terminated the contract for cause (compl., ex. B).

4. Appellant received the CO's final decision on 28 September 2013 (compl., ex. B).

5. On 24 December 2013, appellant timely filed this appeal from the CO's final decision.

## DECISION

The government requests summary judgment in its favor, and that the appeal be denied. Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987).

The government requests that the Board deny the appeal from the termination of the contract because, the government contends, the contract was tainted by fraud (that is, bribery of the government's program manager) from its inception, and so is void *ab initio*. Illegal conduct makes a contract void *ab initio* where the contractor would not have received the contract but for the illegal conduct. *See Kellogg Brown Root Services, Inc. v. United States*, 728 F.3d 1348, 1371-72 (Fed. Cir. 2013). For example, a contract obtained through bribery is void *ab initio*. *Schuepferling GmbH & Co., KG*, ASBCA No. 45564, 98-1 BCA ¶ 29,659 at 146,953.

The acts of Mr. Zugrav, appellant's owner and director, are imputed to appellant. *Cf. Laguna Construction Co.*, ASBCA No. 58324, 14-1 BCA ¶ 35,748 at 174,950 (imputing actions of company's project manager and vice president of

2

operations to company). Appellant obtained the contract by bribing the government's program manager (SOF ¶ 2), making the contract void *ab initio*.

Appellant explains that "an offeror of an unsolicited proposal is not competing with other offerors" (app. reply at 18). While appellant focuses on the end-stage of that procurement process – the government's decision (not made by Mr. Mendez, but by a CO) to accept the unsolicited proposal, and what appellant contends was the inability of other vendors to supply the 19Zh6 Zip Kit – the more apt inquiry concerns an earlier stage; that is, how it was that appellant's unsolicited proposal came before the government in the first place. Appellant knew to submit its proposal because Mr. Mendez told Mr. Zugrav of the government's need; without that information, appellant's proposal would not have existed for the government to accept (SOF ¶ 2). And appellant obtained that information by bribing Mr. Mendez for it (*id.*). But for the payment to Mr. Mendez for the information he provided, appellant would not have submitted its unsolicited proposal, because it would not have known to do so (not even appellant contends otherwise). Of course, but for appellant's unsolicited proposal, the government would not have awarded the 20 January 2010 contract to appellant (*id.*); there is no evidence of a government plan to issue a solicitation for a 19Zh6 Zip Kit if it had not received appellant's unsolicited proposal. In any event, the question is whether, but for having bribed Mr. Mendez, appellant would have obtained the contract it was awarded pursuant to its unsolicited proposal, not whether appellant would have been awarded a contract pursuant to a proposal that it might have submitted in response to a solicitation that was never issued.

There is no genuine issue of material fact that appellant's bribery of Mr. Mendez is illegal conduct that was the but-for cause of the award of the contract to appellant. That makes the contract void *ab initio*; therefore, appellant cannot establish that it had a contract with the government. *Dongbuk R&U Engineering Co.*, ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,639. Consequently, the government is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted, and the appeal is denied.

Dated: 2 December 2014

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59091, Appeal of Atlas International Trading Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4